**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

NATISHA MARTIN, individually
and as Parent and Next Friend of A. W.,
a minor under the Age of Eighteen (18) Years,

        Plaintiff,

v.                              CIVIL ACTION NO.   3:16-2715

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Natisha Martin's Motion to Remand. ECF No. 9. For the following reasons, the Court **GRANTS** the motion.

On March 22, 2016, Defendant State Farm Mutual Automobile Insurance Company (State Farm) removed this consolidated action from the Circuit Court of Putnam County, West Virginia, based upon diversity of citizenship and an amount in controversy exceeding $75,000, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Plaintiff does not dispute that the amount in controversy requirement for federal jurisdiction is met. However, Plaintiff asserts there is not diversity of citizenship. The Court agrees.

These consolidated cases arise out of a single-car accident that occurred in South Carolina on April 24, 2011. At the time of the accident, Brian Martin was driving a Nissan Sentra owned by his wife Natisha Martin. A.W., who is Mr. Martin's stepson and Mrs. Martin's son, was a passenger in the car and was seriously injured as a result of the accident. Mrs. Martin's Nissan

Sentra was insured by State Farm (Policy 1). Mr. Martin also had a separate insurance policy through State Farm on a vehicle he owned (Policy 2). Neither Natisha nor Brian Martin received a multi-car discount on their individual State Farm policies.

In 2013, Mrs. Martin agreed to settle A.W.'s claims against Brian Martin under her insurance policy (Policy 1) with State Farm. Therefore, Mrs. Martin filed a *pro se* petition for a minor settlement proceeding with the Circuit Court of Putnam County, as required by West Virginia Code § 44-10-14 (Minor Settlement Proceedings Reform Act). This action was styled *Natisha Martin, as Parent and Next Friend of A.W., a Minor Under the Age of Eighteen (18) Years v. A.W., a Minor Under the Age of Eighteen (18) Years*, Civil Action No. 13-C-186. Mrs. Martin, Mr. Martin, and A.W. are all citizens of West Virginia. Thus, there is no diversity in the settlement proceeding between Mrs. Martin and A.W.

At the time the Petition was filed, A.W.'s medical bills exceeded $110,000. In the *Petition*, Mrs. Martin states that "State Farm, insurer of Brian Martin, has offered policy limits of the sum of Twenty Five Thousand Dollars ($25,000) in addition to Five Thousand Dollars ($5,000) of medical payments previously paid, as a compromise amount to settle all claims arising from the injuries to A.W., in exchange for a full and final release of Brian Martin." *Petition of Natisha Martin*, at 2, ¶5, ECF No. 1-2, at 18. State Farm's offer was under Policy 1, with no amount offered under Policy 2. There also was no mention in the Petition of an offer by State Farm to pay anything for underinsured motorist coverage. Mrs. Martin requested the state court approve State Farm's offer as a full settlement and authorize her "to execute a full and final release of Brian [Martin] and State Farm Mutual Automobile Insurance Company." *Id.* at 5, ECF No. 1-2, at 21.

Thereafter, a guardian ad litem was appointed for Respondent A.W., and Mrs. Martin retained counsel. Ultimately, the state court held a hearing on October 30, 2015.[1] At the hearing, counsel for Mrs. Martin appeared, together with the guardian ad litem, and counsel hired by State Farm who stated he was there "primarily for Mr. Martin, who's the tortfeasor, to settle a claim made against . . . him, and he's covered under a liability policy of another vehicle that's not his, and to settle that claim and get a release of him." Trans. at 17, ECF No. 1-1, at 110-11. Both counsel for Mrs. Martin and counsel for Respondent A.W. opposed the settlement. After listening the arguments by counsel and the guardian ad litem, the court declined to approve the settlement because issues existed as to whether there was additional insurance coverage available under either Policy 1 or Policy 2 and whether an action should be brought against State Farm for bad faith.

Following the hearing, counsel for Mrs. Martin filed a declaratory judgment against State Farm. The action was styled: *Natisha Martin individually and as Parent and Next Friend of A.W., a minor under the Age of Eighteen (18) Years v. State Farm Mutual Automobile Insurance Company*, Civ. Act. No. 16-C-41. In the action, Mrs. Martin seeks a declaration that she is entitled to additional insurance coverage from State Farm pursuant to the policy it issued to its insured Mr. Martin (Policy 2) and underinsured coverage under its policy with her (Policy 1). Mrs. Martin further seeks punitive damages for bad faith and attorney's fees and costs. Two days after the declaratory judgment action was filed, the state court entered an order consolidating this action with the minor settlement proceeding previously filed. The consolidated action was styled *Natisha*

---

[1]A variety of things occurred between the time the action was filed and the date of the hearing, but those events are irrelevant to the jurisdictional issue currently before this Court.

*Martin et al. v. State Farm Insurance Company*, Civ. Act. No. 16-C-41. State Farm then filed a Notice of Removal with this Court.

In her Motion to Remand, Mrs. Martin argues there is no diversity of citizenship because Mr. Martin, A.W., and herself are all residents of West Virginia, and Mr. Martin is a defendant. However, State Farm disagrees because Mr. Martin is not a defendant, has never been a defendant and, in fact, has never been a party to either of the consolidated actions. State Farm asserts that the two actions were consolidated into "a single civil action," *Notice of Removal*, at 2, ECF No. 1, at 2, and it is the only named Respondent to that action.[2] *State Farm Mut. Auto. Ins. Co.'s Resp. to Mot. to Remand*, at 6, ECF No. 11. Thus, State Farm contends diversity exists because it is incorporated in, and has its principal place of business in, Illinois.

State Farm is correct that Mr. Martin was not named as a respondent in either the minor settlement proceeding or the Declaratory Judgment action. However, the Court finds it does not matter in this instance. As the consolidated action was removed, the Court considers both the claims made in the minor settlement proceeding and the claims in the declaratory judgment action. Although the state court omitted A.W. as a Respondent in the style of the consolidated case, he nonetheless remains a Respondent. The Petition for the minor settlement proceeding filed against him is now encompassed within the consolidated action. There was no order by the state court dismissing A.W. as a Respondent or realigning the parties. Any effort to defend diversity based upon the state court's decision on how it choose to style the consolidated action is placing form

_____

[2]The parties use the terms defendant and respondent interchangeably. However, State Farm is a Respondent.

over substance. As A.W. remains a Respondent, there is no diversity because both A.W. and his mother are citizens of West Virginia, and this Court lacks jurisdiction under § 1332(a).

State Farm argues, however, that the Court should not consider A.W.'s citizenship because he is a mere nominal respondent and it is the only Respondent to the consolidated action. Assuming arguendo that State Farm is the only Respondent, the Court still finds that removal is not proper. Although cited by neither party, State Farm's citizenship in that instance is controlled by 28 U.S.C. § 1332(c)(1). This section provides, in part:

> (c) For the purposes of this section and section 1441 of this title--
>
> (1)    a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
>
>> (A) every State and foreign state of which the insured is a citizen[.]

28 U.S.C. § 1332(c)(1), in part. Under this statute, an insured's citizenship controls when a "direct action" is brought against an insurer. *Cunningham v. Twin City Fire Ins*. Co, 669 F. Supp. 2d 624, 627 (D. Md. 2009). "Courts have uniformly defined the term 'direct action' as used in [§ 1332(c)(1)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Beckham v. Safeco Ins. Co. of Am*., 691 F.2d 898, 901–902 (9th Cir. 1982). A direct action does not exist if an injured party sues an insurer for its independent wrongs, such as in an action for bad faith. *See Rosa v. Allstate Ins. Co*., 981 F.2d 669, 675 (2d Cir.1992) (holding that "the general rule is that the proviso does not affect suits

against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith."). In other words, a direct action under § 1332(c)(1) does not arise "unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." *McGlinchey v. Hartford Acc. and Indem. Co.*, 866 F.2d 651, 653 (3d Cir.1989).

In this case, Mrs. Martin filed her first Petition under the Minor Settlement Proceedings Reform Act to settle A.W.'s claims against Mr. Martin and State Farm, which was acting as his insurer. Although Mr. Martin was not named as the Respondent in the style of the first action, it is beyond dispute that State Farm was acting on his behalf, as his insurer, in entering into the proposed settlement in exchange for a release from liability in that action. If State Farm is now the sole Respondent to that Petition, as it is encompassed within the consolidated action, then it is a direct action against State Farm pursuant to § 1332(c)(1) because it is standing in the shoes of Mr. Martin. Although there are claims in the declaratory judgment portion of the consolidated action that do not constitute a direct action, it is consolidated with claims that are. Therefore, by virtue of statute, State Farm is deemed to have West Virginia citizenship.

In West Virginia, however, there are circumstances in which an injured plaintiff can bring a direct action against a liability insurer. In Syllabus Point 1 of Broy v. Inland Mut. Ins. Co., 160 W.Va. 138, 233 S.E.2d 131 (1977) this Court stated "[i]f an insured with coverage under a liability insurance policy does not pay the underlying judgment entered in a personal injury

-6-

action, the injured plaintiff may institute a direct action against the insurance company to recover the amount of the judgment up to the limits of the policy." Also, "[a]n injured plaintiff may bring a declaratory judgment action against the defendant's insurance carrier to determine if there is policy coverage before obtaining a judgment against the defendant in the personal injury action where the defendant's insurer has denied coverage." Syllabus Point 3, Christian v. Sizemore, 181 W.Va. 628, 383 S.E.2d 810 (1989). Finally, this Court has held that an action against an insurer for bad faith and unfair settlement practices can be joined in the same complaint as the underlying personal injury suit against the insured. State ex rel. State Farm v. Madden, 192 W.Va. 155, 451 S.E.2d 721 (1994).

Accordingly, for the foregoing reasons, the Court finds that diversity of citizenship does not exist, and the Court **GRANTS** Petitioners' Motion to Remand. ECF No. 9.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        August 26, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE